UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| *In re* PETER SZANTO, ) | | |
| ) | | |
| Debtor. ) | | |
| _____ ) | | |
| ) | | |
| PETER SZANTO, ) | Bankr. No. 13-bk-51261-BTB | |
| ) | | |
| Appellant, ) | 3:14-cv-00355-RCJ | |
| ) | | |
| vs. ) | **OPINION AND ORDER** | |
| ) | | |
| UNITED STATES TRUSTEE, RENO et al., ) | | |
| ) | | |
| Appellees. ) | | |
| _____ ) | | |

This is an appeal of an order of the Bankruptcy Court setting aside a previous order upon motion of the Appellee, the Bankruptcy Court's denial of a motion to recuse, and the Bankruptcy Court's dismissal of the bankruptcy case. For the reasons given herein, the Court affirms the orders of the Bankruptcy Court.

I.      FACTS AND PROCEDURAL HISTORY

Appellant Peter Szanto filed for Chapter 11 bankruptcy protection in this District on June 25, 2013. (*See* Bankr. Pet., ER 1, ECF. No. 31, at 3). On November 11, 2013, Appellant filed a Motion for Court Confirmation of Debt Compromise and Novation as to Secured Creditor JP Morgan Chase Bank, pursuant to Bankruptcy Rule 9019 (the "Motion"). (*See* Mot., ER 74, ECF

No. 31, at 76). The Motion noted that Appellant and Appellee JP Morgan Chase Bank, N.A. disputed the amount owed by Appellant on his mortgage of real property at 11 Shore Pine Drive, Newport Beach, CA 92657 (the "Property"). (*Id.*). The Motion represented that the parties agreed the unpaid principal balance was $953,182.17; Appellant would begin making 360 monthly payments of $3865.58 as of December 1, 2013, as well as monthly escrow payments of $1511.10 for taxes and insurance, for a total of $5376.68 per month; the notice of default and the notice of trustee's sale recorded against the Property would be expunged; and the Court would review the agreement on December 1, 2014 (the "Agreement"). (*Id.*). Attached to the Motion as support was a October 17, 2013 letter to Appellant from Appellee informing Appellant of an impending adjustment of his monthly payments on his adjustable-rate mortgage (the "Letter"). (*See* Letter, ECF No. 98 in Bankr. No. 13-51261, at 9). As of December 1, 2013, Appellant's monthly payment for principal and interest would be $3865.58, and the total with escrow would be $5376.68. (*Id.*). The Letter recounted the monthly adjustments to the interest rate that had occurred over the prior year and noted that the next "scheduled payment review date" was a year from the date of the Letter, October 17, 2014. (*See id.*).

Appellant filed a notice of hearing for December 18, 2013. On January 1, 2014, Appellant filed a declaration indicating that at the December 18, 2013 hearing Judge Beesley indicated he would grant the motion if a representative of Appellee signed the Agreement but that Appellant believed the order was not contingent on such a signature. On January 8, 2014, Judge Beesley approved Appellant's proposed order granting the Motion (the "Settlement Order"), (*see* Settlement Order, ER 86, ECF No. 31, at 88), although there was yet no evidence a representative of Appellee had ever signed the Agreement.

On March 14, 2014, Appellee filed a motion asking the Bankruptcy Court to set aside the Settlement Order, because Appellee had not approved any compromise and the Motion had not been properly served on Appellee. (*See* Mot. Set Aside, ER 96, ECF No. 31, at 98). The

Bankruptcy Court granted Appellee's motion on June 16, 2014 (the "Set-Aside Order") after holding a hearing on May 22, 2014. (*See* Set-Aside Order, ER 310, ECF No. 32, at 147). The Bankruptcy Court ruled that the Motion had been a contested matter under Bankruptcy Rule 9014 that was not properly served upon Appellee. The Settlement Order was therefore void under Civil Rule 60(b)(4). Furthermore, the Letter was not a compromise agreement under Bankruptcy Rule 9019. Finally, the Settlement Order was entered as a result of mistake, inadvertence, surprise, or excusable neglect under Civil Rule 60(b)(1). Appellant appealed the Set-Aside Order to the Bankruptcy Appellate Panel, and Appellee elected to have the appeal heard in this Court. The Court dismissed the appeal for lack of jurisdiction. The Court now has jurisdiction to consider the issue because the bankruptcy case was finally dismissed on June 17, 2014 for failure to timely confirm a plan. The Bankruptcy Court also denied Appellant's recusal motion. Appellant challenges the Set-Aside Order, the dismissal, and the failure to recuse.

## II.   STANDARD OF REVIEW

A bankruptcy court's conclusions of law, including its interpretations of the bankruptcy code, are reviewed de novo, and its factual findings are reviewed for clear error. *See Blausey v. U.S. Trustee*, 552 F.3d 1124, 1132 (9th Cir. 2009). A reviewing court must accept the bankruptcy court's findings of fact unless it is left with the definite and firm conviction that a mistake has been committed. *See In re Straightline Invs., Inc.*, 525 F.3d 870, 876 (9th Cir. 2008).

## III.   ANALYSIS

### A.   The Set-Aside Order

Appellant's fourth enumerated ground for reversal is that the Bankruptcy Court wrongly overruled Appellant's evidentiary objections at the hearing. The Court also presumes that Appellant wishes to argue points previously made as to the Set-Aside Order in his previous appeal, which the Court dismissed for lack of jurisdiction.

The Court affirms the Bankruptcy Court's issuance of the Set-Aside Order. Not only was

the Set-Aside Order not in error, but denial of the motion to set aside the previous order would have been reversible error. The Letter was not an offer of compromise but an informational letter indicating the status of Appellant's mortgage. There is no language of compromise whatsoever in the Letter, or even any acknowledgment of any dispute to be compromised.

The Court also affirms on the basis that Appellant never properly served Appellee with the Motion before the hearing. Appellant argues that the Bankruptcy Judge wrongly overruled Appellant's evidentiary objections at the hearing, i.e., that the Bankruptcy Court refused to declare that Appellee had been served with the Motion even though Appellee had actual notice of the Motion. That was not a potential evidentiary error, but a potential error concerning the law of service of process. Anyway, it was no error. Although actual knowledge may alleviate due process concerns, it does not excuse the separate requirement of service of process. A waiver of service under Civil Rule 4(d)—which Appellant argues applies here because counsel at the hearing admitted having knowledge of the lawsuit before the hearing—requires more than acknowledgment of actual notice, otherwise there could be no such thing as a motion to dismiss for insufficient service of process, because a person making such a challenge necessarily has actual notice. Under Civil Rule 4(d), a waiver of service of process requires a defendant to agree in writing to a plaintiff's written request to waive service under the strictures of that rule. *See* Fed. R. Civ. P. 4(d). There is no evidence that ever occurred in this case. A review of the record indicates no error as to the Bankruptcy Court's factual determination that Appellant failed to serve Appellee with the Motion under Bankruptcy Rule 7004(h) and that the Settlement Order was therefore void.

Appellant also previously argued that the Court should reverse because the Bankruptcy Court made no factual findings on the record and did not issue a written opinion. That is incorrect. The Set-Aside Order is a written order that includes factual findings and conclusions of law. (*See* Set-Aside Order, ER 310, ECF No. 32, at 147).

### B. Dismissal of the Bankruptcy Case

Appellant's second and fifth enumerated grounds for reversal concern the Bankruptcy Court's alleged error in dismissing the bankruptcy case. Appellant argues that the Bankruptcy Court misapplied 11 U.S.C. § 1121 and that it failed to make factual findings on the record and issue a written opinion. The Court affirms.

The Bankruptcy Court issued a written opinion incorporating its findings at the May 22, 2014 hearing. (*See* Dismissal Order, ER 313, ECF No. 32, at 150). Those findings and conclusions were not in error. The Trustee moved to convert the case to Chapter 7 or dismiss because Appellant had not timely obtained confirmation of a plan (or any extension) within 45 days of the plan being filed. (*See* Dismissal Mot., ER 124, ECF No. 31, at 126). Absent an extension, a bankruptcy court may only confirm a plan in a small business case within 45 days of the plan's filing. 11 U.S.C. § 1129(e). The time limit can only be extended if, *inter alia*, the bankruptcy court enters an order extending time before time expires. *Id.* § 1121(e)(3)(C). The present case is a small business case. (Bankr. Pet. 1). Appellant filed his plan on October 23, 2013. (Plan, ER 61, ECF No. 31, at 63). The Bankruptcy Court had not confirmed the plan when the Trustee filed his motion to convert or dismiss over 45 days later on April 23, 2014. (*See* Dismissal Mot.). Nor did the Bankruptcy Court enter any order extending time within 45 days of the plan's filing. Failure to timely confirm a plan generally requires a bankruptcy court, after notice and hearing, to convert the case to Chapter 7 or dismiss it, whichever is in the best interests of creditors and the estate. 11 U.S.C. § 1112(b)(1), (b)(4)(J).

Appellant first argues that he amended his proposed plan and that "the major portion" of the amended plan was confirmed on December 18, 2013. But Appellant's evidence of confirmation of his amended proposed plan consists solely of his own notice of plan confirmation. (*See* Notice, ER 69, ECF No. 23-1, at 72). The record does not indicate that the Bankruptcy Court ever confirmed any version of Appellant's proposed plan.

Next, Appellant argues that 11 U.S.C. §§ 1121(e) and 1129(e) do not apply because his is not a small business debtor. Again, Appellant's own Petition lists him as one. (Bankr. Pet. 1). Furthermore, the Bankruptcy Judge discussed Appellant's forms and schedules with him in detail, explaining that he was a small business debtor in substance, regardless of what block he had checked, because he had not listed enough non-contingent, liquidated debts to bring him outside of that classification. (Hr'g Tr. 27–32, May 22, 2014, ER 249–54, ECF No. 32, at 86–91).

Next, Appellant argues that the time limit is a mandate upon bankruptcy courts but not a deadline for debtors. The Court disagrees. The rule requiring dismissal or conversion for cause is an adversarial tool for parties in interest requiring a motion, notice, and hearing. *See* 11 U.S.C. § 1112(b)(1). That provision and the provision defining "cause," *id.* § 1112(b)(4), do not themselves set time limits for confirmation but provide reasons for dismissal or conversion. One of those reasons—the one at issue here—is for "failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court." *Id.* § 1112(b)(4)(J). The "time fixed" here is 45 days under § 1129(e). Even if § 1129(e) does not directly operate as a time limit upon a debtor but only as a mandate upon bankruptcy courts, § 1112(b) incorporates § 1129(e)'s time limit as one that may be imposed against a debtor by a party in interest via motion.

Finally, Appellant argues that his failure to obtain timely confirmation should be excused under Bankruptcy Rule 9006(b)(1). But that rule only permits extensions as to time limits imposed by the Bankruptcy Rules themselves, not as to time limits imposed by statute. *See* Fed. R. Bankr. P. 9006(1). The Bankruptcy Court therefore did not err in denying Appellant's motion for an extension of time to obtain confirmation.

C.  **Denial of the Recusal Motion**

Appellant's first and third enumerated grounds for reversal concern the Bankruptcy

Judge's alleged bias against Appellant and his failure to recuse. Appellant first argues that the Bankruptcy Judge "abdicated all impartiality and became a biased participant in this action." The Court disagrees. Although the Bankruptcy Judge became frustrated with Appellant and ruled against him in virtually all respects, judges' frustration with litigants or attorneys who present non-meritorious arguments or vexations motions is not uncommon and does not constitute impermissible bias. Judicial bias, i.e., bias based solely on information obtained during the course of proceedings, is not improper; only extrajudicial bias, i.e., bias stemming from an extrajudicial source, is improper. *Habrouck v. Texaco, Inc.*, 842 F.2d 1034, 1045–46 (9th Cir. 1987). The record does not indicate any extrajudicial bias. The Bankruptcy Judge's threat to have Appellant "removed" from the May 22, 2014 hearing if he did not sit down and stop arguing after the Bankruptcy Judge had ruled was within his authority to manage the decor of his courtroom, and Appellant's argument that the threat of being "removed" was meant or could reasonably have been understood as a threat to "remove [Appellant] from existence," i.e., to have him killed, is not a reasonable or even good faith interpretation.

Appellant next argues that the Bankruptcy Judge should have formally ruled on Appellant's motion for recusal before entering any rulings. Appellant cites 28 U.S.C. § 144 in support. Affidavits under that statute must be filed ten days before the relevant proceeding. Appellant filed his motion after the challenged hearing, and no good cause appears for the late filing. In any case, nothing in the record indicates impermissible bias under §455.

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality

challenge. They may do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. An example of the latter (and perhaps of the former as well) is the statement that was alleged to have been made by the District Judge in . . . a World War I espionage case against German–American defendants: "One must have a very judicial mind, indeed, not [to be] prejudiced against the German Americans" because their "hearts are reeking with disloyalty."

*Liteky v. United States*, 510 U.S. 540, 555 (1994) (citations omitted). Here, there is no indication of the Bankruptcy Judge's bias against members of any protected class or against Plaintiff in particular apart from the Bankruptcy Judge's frustration with Plaintiff's arguments.

Finally, the Court will not extend the time to reply for an additional 30 days. Appellant has had approximately 75 days to file his reply. The argument in his motion (filed hours before the deadline) that an unexpected event—two impending trials in the Tax Court—arising six days ago has "erased his planned briefing schedule" is not credible. If Appellant waited until the final six days of his total of 75 days to begin work on his reply brief, as appears to be the case, that is not good cause for an extension. The explanation would also appear more credible if Appellant had requested the extension six days ago, when the surprise allegedly occurred rather than hours before the deadline. Also, Appellant's claim that he has been surprised because he expected the matters against him in the tax court to be settled is itself not credible given Appellant's history of filing false documents (settlements and notices of plan confirmation) in the bankruptcy court in the present case. Furthermore, Appellant's 17-page motion for an extension, which must have been prepared within the last six days alone, itself tends to rebut any argument that Appellant lacked sufficient time to dedicate to preparing a reply brief.

///

///

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the orders of the Bankruptcy Court are AFFIRMED.

IT IS FURTHER ORDERED that the Third Motion to Extend Time (ECF No. 39) is DENIED, and the Motion to Clarify (ECF No. 22) is DENIED as moot.

IT IS FURTHER ORDERED that the Clerk shall close the case.

IT IS SO ORDERED.

Dated this 9th day of November, 2015.

_____
ROBERT C. JONES
United States District Judge